UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**ERGON-ST. JAMES, INC.**                                **CIVIL ACTION**

**VERSUS**                                               **NO. 18-3648**

**M/V SHANDONG FU EN,** *IN REM*                         **SECTION "B"(1)**

### ORDER

Considering the "Uncontested Motion for Leave to File Intervention" (Rec. Doc. 13) filed by Crescent Towing & Salvage Co., Inc. and Cooper/T. Smith Mooring Co., Inc. ("Applicants"), and the fact that Plaintiff Ergon-St. James, Inc. does not oppose the motion to intervene,

**IT IS ORDERED** that the motion (Rec. Doc. 13) is **GRANTED**. The proposed pleading and verification (Rec. Docs. 13-1; 13-2) attached to the motion shall be filed into the record.

A party who asserts a maritime lien against an arrested vessel must "advance[] [its claim] by intervention under Civil Rule 24, as it may be supplemented by local admiralty rules." Fed. R. Civ. P. Supp. Adm. & Mar. Cls. C(6) advisory committee's note to 2000 amendment; *see also Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc.*, 346 F.3d 552, 560 (5th Cir. 2003); *Martin Energy Servs., LLC v. M/V BOURBON PETREL*, No. 14-2986, 2015 WL 2354217, at *4-6 (E.D. La. May 14, 2015). Under Rule 24(a), intervention as of right is warranted when: "(1) the motion is timely; (2) the putative intervenor asserts an interest related to the property or

1

transaction that forms the basis of the controversy in the action into which he seeks to intervene; (3) the disposition of the action may impair or impede his ability to protect that interest; and (4) it is not adequately represented by the existing parties." *Effjohn*, 346 F.3d at 560.

Applicants' motion to intervene is timely. The Local Admiralty Rules state that a motion to intervene "may be untimely if not filed within" twenty-one days of publication of notice that the vessel has been arrested. *See* LAR 64.1. The vessel at issue was arrested on April 6, 2018, so notice of its seizure was published no earlier than that date. *See* Rec. Doc. 10. The instant motion to intervene was filed on April 26, 2018. *See* Rec. Doc. 13. Therefore the motion was filed within the time period provided by the Local Admiralty Rules.

Applicants' motion also satisfies the remaining requirements for intervention. *See Banc One Capital Bid Co. 1998 LLC v. Genesis Offshore, LLC*, No. 10-1288, 2011 WL 925731, at *1 (W.D. La. Mar. 14, 2011) (granting timely motion to intervene to assert maritime lien against vessel); *Asamarbunkers Consultadoria e Paricipacoes Unipessoal Lda v. United States*, No. 1:10CV223, 2010 WL 11470878, at *1 (E.D. Tex. May 5, 2010) (same). Each Applicant alleges a maritime lien against the vessel from providing docking, undocking, and linesmen/mooring services. *See* Rec. Doc. 13-1 at 2; 46 U.S.C. §§ 31301, 31342. Release of the vessel will impair

Applicants' ability to assert their maritime liens, which should be asserted in the instant proceeding against the vessel. *See X-Drill Holdings, Inc. v. Jack-Up Drilling Rig SE 83*, 320 F.R.D. 444, 449 (S.D. Tex. 2017); *see Asamarbunkers*, 2010 WL 11470878, at *1. Nor will Plaintiff Ergon-St. James, Inc. protect Applicants' interests because Plaintiff's lien is independent and competing; Plaintiff's lien could be resolved without addressing Applicants' liens. *See X-Drill Holdings*, 320 F.R.D. at 449-50.

New Orleans, Louisiana, this 27th day of April, 2018.

_____
SENIOR UNITED STATES DISTRICT JUDGE